UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| APPROACH INTERNATIONAL STUDENT CENTER, INC, ANA GABRIEL SIMOES THOME SANTANA, AND MARCELO HENRIQUE SILVA DE SANTANA,<br><br>**Plaintiffs**<br><br>v.<br><br>ALEJANDRO MAYORKAS, SECRETARY OF UNITED STATES HOMELAND SECURITY; TRACY RENAUD, ACTING DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; DAVID ROARK DIRECTOR OF TEXAS SERVICE CENTER, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; U.S. DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>**Defendants.** | Case No. |

## INTRODUCTION

1. Approach International Student Center, Inc. is a Massachusetts Corporation located at 196 Harvard Avenue, Boston, Massachusetts, 02134 (hereinafter 'Approach').  Ana Gabriel Simones Thomes Santana, and Marcelo Henrique Silva de Santana, are husband and wife, and are both citizens of Brazil (hereinafter collectively 'Santanas').  The Plaintiff's herein bring this mandamus action to compel defendants to complete the processing an adjudication of the Approach's I-140, Immigrant Petition for Alien Worker, and Santanas concurrent form I-485, Application to Register Permanent Residence or Adjust Status, form I-765, Application for Employment Authorization, an I-131, Application for Travel Document, as originally submitted with an initial processing date of November 2, 2020.

1

## PARTIES

2.     Plaintiff Approach International Student Center, Inc. is a Massachusetts Corporation located at 196 Harvard Avenue, Boston, Massachusetts, 02134. Approach filed a form I-140, Immigrant Petition for Alien Worker, which was received for processing by the USCIS Texas Service Center, on November 2, 2020.

3.     Plaintiff Ana Gabriel Simones Thomes Santana and Marcelo Henrique Silva de Santana, are husband and wife, and are both citizens of Brazil, both currently residing at 1003 Windsor Ridge Drive, Westborough, Massachusetts.

4.     Defendant Alejandro Mayorkus is the Secretary of the United States Department of Homeland Security and is sued in his official capacity only. Defendant Mayorkus is charged with the administration of the United States Citizenship and Immigration Services (USCIS) and implementing the Immigration and Nationality Act. 8 CFR §2.1.

5.     Defendant Tracy Renaud is the Acting Director of CIS and is sued in official capacity only. CIS is the component of the Department of Homeland Security that is responsible for adjudicating Plaintiffs' I-140 petition.

6.     Defendant David Roark is the Field Office Director of the Texas Service Center of USCIS and is sued in his official capacity only. The Texas Service Center is charged with the administration of the Immigration and Nationality Act and the adjudication of petitions submitted by applicants. Plaintiffs' I-140 petition, and concurrent forms I-485, I-765, and I-131 were received and rejected by the Texas Service Center.

7.     Defendant Department of Homeland Security is the department within which the USCIS adjudicates petitions for alien relatives. DHS operates within this district, with headquarters in Washington, D.C.

8.     Defendant U.S. Citizenship and Immigration Services is the component of DHS that adjudicates petitions for alien relatives. CIS operates within this district, with headquarters in Washington, D.C.

## JURISDICTION AND VENUE

9.     Jurisdiction of the Court is predicated upon 28 USC §§1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Defendant. This Court also has jurisdiction over the present action pursuant to 28 USC §2201, the Declaratory Judgment Act; 5 USC §702, the Administrative Procedures Act; and 28 USC §1361, regarding an action to compel an officer of the United States to perform his or her duty.

10.    Venue is proper in this District under 28 USC §1391(e), because plaintiff's reside and operate their business within this district.

FACTS AND BACKROUND

11. On November 2, 2020, the Texas Service Center received Form I-140, petitioned by Approach, along with concurrently filed forms I-485, I-765 and I-131, on behalf of the plaintiffs for processing (see Exhibit A).

12. On January 13, 2021, the process was returned to plaintiffs, stating that the Labor Certification submitted along with Form I-140, had to be an "original Labor Certification" from the Department to Labor (DOL), and was required by regulation (See Exhibit B – I-797).

13. On March 24, 2020, DOL announced that—due to the impact of the COVID-19 pandemic—that it would electronically issue PERM labor certifications to employers (and their authorized attorneys or agents) through June 30, 2020. On June 16, 2020, DOL announced that it was extending the period during which it would electronically issue PERM labor certifications through September 30, 2020. Thereafter DOL's, Office of Foreign Labor Certification (OFLC) announced that it is permanently adopting the electronic issuance of PERM labor certifications to employers (See Exhibit C- USCIS Memorandum)

14. The DOL Labor Certification, was certified by DOL Certifying Agent, on September 2, 2020. The Labor Certification was valid from 09/03/2020 to 03/02/21(See Exhibit D - Labor Certification).

15. Plaintiffs on February 10, 2021, refiled the forms 1-140, and concurrent forms I-485, I-765 and I-131 with the Texas Service Center, along with a copy of the directive from DOL stating that the Labor Certifications would be issued electronically.

16. On March 25, 2021, the Texas Service Center again returned the process, stating that the "petition type … requested requires a valid Labor Certification per the form instructions." Additionally, the form I-797 dated March 25, 2021, also stated that the form I-140 was not fully completed as it had omitted Part 3- Date of Birth (See Exhibit E -I-797 issued on March 25, 2021).  The form I-140 did not omit the date of birth in part 3 as stated by the Texas Service Center (See Exhibit F – Form I-140 Part 3), and the Labor Certification was valid at the time of submission on February 10, 2021, as it was valid through 03/02/2021. (See Exhibit F – Form I-140 Part 3).

17. On April 9, 2021, the plaintiff's, through counsel, requested by letter, directed to the Director of the Texas Service Center, to restart the processing of the plaintiffs' petitions due to the mistakes made by the Service Center, with an effective date of the original submission of November 2, 2020 (See Exhibit G).

3

18. On May 24, 2021, the Texas Service Center sent plaintiffs a form I-797, rejecting the process by merely restating the same reason (lack of a valid Labor Certification) without addressing any of the issues outlined in plaintiff's correspondence of April 9, 2021. (Exhibit H I-797)

19. On June 3, 2021, plaintiffs, through counsel, called the USCIS contact center to request that the errors made by the Texas Service Center be reviewed and corrected. USCIS operator stated that the matter would need to be escalated to a Tier 2 supervisor, and that counsel would hear back from someone within 14 days.

20. On June 21, 2021, counsel received a telephone call from a Tier 2 supervisor who stated that she would be unable to resolve the issue, and that plaintiff would have to contact the Texas Service Center if there were question about the rejected applications.

21. The Texas Service Center has erroneously rejected plaintiff's petitions and applications on each of the submissions on November 2, 2020, and February 11, 2021. On both occasions the forms were fully completed and were accompanied by a valid Labor Certification which was properly issued by the Department of Labor.

22. Plaintiffs have attempted to resolve the errors made by the Texas Service Center administratively without success.

23. Defendants failure to properly administer the laws and responsibilities of their agency have and will result in great hardship to the plaintiffs.

## FIRST CAUSE OF ACTION

24. Plaintiffs re-allege and incorporate by reference, as if fully set fourth herein, the allegations in paragraph 1-23 above.

25. Defendants' failure to adjudicate and approve plaintiffs, forms I-140, and concurrent forms I-485, I-765, and I-131, which were properly submitted on each of two occasions, is a violation of the Administrative Procedures Act and the Immigration and Nationality Act, and denies Plaintiffs due process and equal protection of the laws guaranteed by the Fifth Amendment of the United States Constitution.

## PRAYER FOR RELIEF

The Plaintiffs request the Court grant the following relief:

A. Order Defendants to adjudicate and process Plaintiffs' forms I-140 petition, and concurrent forms I-485, I-765, and I-131, on or before 60 days from the filing of this complaint, or within a reasonable period of time determined by this Court.

B. Retain jurisdiction during the processing and adjudication of the Plaintiffs' forms I-140 petition, and concurrent forms I-485, I-765, and I-131 in order to ensure compliance with the Court's orders.

C. Award reasonable costs and attorneys' fees; and

D. Grant such other relief as the Court may deem just and proper.

DATED:  August 10, 2021

                    Approach International Student Center, Inc.
                    Ana Gabriel Simones Thomes Santana
                    Marcelo Henrique Silva de Santana

                    By their attorney

                    __/s/ *John C. Carleen*_____

                    John C. Carleen, Esquire
                    Carleen and Carleen, PC
                    91 Montvale Ave., Suite 101B
                    Stoneham, MA 02180
                    (781) 438-4600
                    Fax (781) 438-4611
                    BBO# 073940